UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENISE C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-5138 BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING WITH PREJUDICE**

Plaintiff appeals the denial of her application for Disability Insurance Benefits. She contends the ALJ harmfully erred by failing to apply the sedentary grid at step five of the sequential evaluation. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

The ALJ determined that during the relevant period, i.e., between the alleged onset date of March 28, 2014, and the date last insured of December 31, 2016, plaintiff had the **residual functional capacity ("RFC") to perform light work that does not require walking or standing more than 2 hours total in a workday**, in addition to other restrictions on climbing, posture, overhead reaching, and exposure to hazards. Tr. 911–12. To determine the extent to which those limitations eroded the unskilled, light occupational base, at step five of the

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING WITH PREJUDICE - 1

sequential evaluation, the ALJ consulted a vocational expert ("VE") about whether jobs existed in the national economy for a person with plaintiff's age, education, work experience, and RFC. Tr. 919, 938–45. Because the VE testified that there are jobs in the national economy that exist in significant numbers for a person of plaintiff's background and RFC, the ALJ concluded that plaintiff was not disabled during the relevant time period. Tr. 32–33. Plaintiff appeals the ALJ's decision, which is also the Commissioner's final decision.

## DISCUSSION

Plaintiff's sole argument on appeal is that the ALJ erred by failing to apply the sedentary grid at step five, and that this error was harmful because during the relevant period plaintiff turned 50 such that applying the sedentary grid would result in a finding of "disabled" while applying the light grid would result in a finding of "not disabled." Dkt. 1. The Court finds that plaintiff's argument is contrary to the regulations, case law, and social security rulings.

Plaintiff acknowledges that the ALJ's RFC assessment was that plaintiff can lift and carry up to 20 pounds occasionally and 10 pounds frequently but can stand or walk only for a maximum of 2 hours in an 8-hour work day. Dkt. 9, at 3 (citing Tr. 911–12). In determining that light work was the appropriate category, the ALJ noted that plaintiff's capacity to lift or carry up to 20 pounds is beyond the maximum sedentary work allows, while plaintiff's limited ability to walk or stand is less than the full range of what light work might allow. Tr. 915–16. The ALJ therefore consulted a VE to ask to what extent jobs within the light exertion range are limited by plaintiff's RFC. Tr. 916, 918–20.

Plaintiff contends that the ALJ was *required* to apply the sedentary grid because plaintiff's ability to perform light work was compromised by the exertional restriction that she could stand or walk only for 2 hours in a work day. This is an incorrect supposition. At step five,

the burden shifts to the Commissioner to show that a claimant is not disabled because he or she can perform other work in the national economy. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The Commissioner can satisfy this burden by either (1) applying the Medical-Vocational Guidelines ("grids") or (2) taking the testimony of a VE. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The grids are an administrative tool the Commissioner may rely upon when considering claimants with substantially uniform levels of impairment. *Id.* "When the grids do not completely describe the claimant's abilities and limitations . . . the grids are inapplicable and the ALJ must take the testimony of a VE. *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000). That is, although the grids may be used as a *reference point* for decisionmaking when they do not accurately and completely describe a claimant's RFC, age, education, or work experience, under those circumstances the Commissioner must *also* hear the testimony of a VE. *Derosiers v. Secretary of HHS*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). "If a claimant's strength limitations differ from the technical definitions of sedentary, light, or medium work—for example the claimant falls somewhere between sedentary and light work—then the claimant is said to have *exertional* limitations that are not described by the grids." *Id.* at 579; 20 C.F.R., subpt. P, app. 2 § 200.00(d), (e) (2019); SSR 83-12 (1983), *available at* 1983 WL 31253. Social Security Ruling 83-12 provides that if the exertional level falls between two rules which direct opposite conclusions, i.e., directing "not disabled" at light and "disabled" at sedentary, as is the case here, VE assistance is advised unless it is clear that the reduced exertional capacity mandates either one or the other conclusion.

In the instant case, the ALJ did exactly what the case law, the regulations, and SSR 83-12 direct him to do: he consulted a VE. The VE testified that a person with plaintiff's profile could perform substantial gainful work in the economy, and accordingly the ALJ found that plaintiff

was not disabled. Plaintiff's argument that the grids should have applied because plaintiff fell between light and sedentary levels based on *exertional*, rather than *non-exertional*, limitations is nowhere supported by the law. *See Derosiers*, 846 F.2d at 579–80 (describing how a claimant can fall between sedentary and light work based either on exertional or non-exertional limitations); *see also* 20 C.F.R., subpt. P, app. 2 § 200.00(d), (e); SSR 83-12.

The ALJ did not err by failing to apply the sedentary grid at step five of the sequential evaluation.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 22nd day of July, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge